IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark A. Hughes,                    :

       Plaintiff,               :

    v.                              :    Case No. 2:10-cv-674

George Lavender, et al.,           :    JUDGE HOLSCHUH

       Defendants.              :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Mark Hughes brings this civil rights action against several staff members of the Ross County Jail where he is incarcerated.  Defendants George Lavender, Shawna Ott, Glen Detty, Dr. Richard Harris, and James Bridenbaugh ("Defendants") have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Mr. Hughes filed a memorandum in opposition, and Defendants filed a reply.  For the following reasons, it will be recommended that the motion for judgment on the pleadings (#15) be denied.

I.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir.1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  <u>Id</u>.; <u>Lindsay v. Yates</u>, 498 F.3d 434, 438 (6th Cir.2007).  <u>Pro se</u> complaints are to be construed liberally in favor of the <u>pro se</u> party.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

II.

Defendants argue that Mr. Hughes's complaint must be dismissed because he purportedly failed to satisfy the pleading requirements of the Prison Litigation Reform Act.  Defendants maintain that this statute requires an inmate challenging the conditions of his confinement to demonstrate that he has exhausted all internal administrative remedies before filing suit.  See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). Defendants further say that the inmate may satisfy this supposed burden of proof by attaching to his complaint copies of the applicable administrative decisions or by "describ[ing] with specificity the administrative proceeding and its outcome." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.2000). Defendants point out that Mr. Hughes did not do either in this case.

Defendants are correct that under the PLRA Mr. Hughes cannot bring a §1983 action "until such remedies as are available are exhausted."  42 U.S.C. §1997e(a).  Defendants are incorrect, however, that Mr. Hughes must demonstrate in his complaint and/or the attachments thereto that he has satisfied this requirement. In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court expressly overruled cases such as Brown and Knuckes El which had made exhaustion a pleading requirement.  Rather, "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216.

Under Jones, a defendant might still be entitled to dismissal or judgment on the pleadings if the failure to exhaust is apparent from the face of the complaint.  Id. at 215; Brown v. Lebanon Correctional Inst., Case No. 1:09-cv-513, 2009 WL 2913930 at *2 (S.D.Ohio Sept. 9, 2009).  However, "only in rare cases will a district court be able to conclude from the face of the

2

complaint that a prisoner has not exhausted administrative remedies and that he is without a valid excuse." Acquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007).

The PLRA requires the exhaustion of available remedies only. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010)(citing 42 U.S.C. §1997e(a)). Where prison officials fail to respond to a prisoner's written grievances, the exhaustion requirement is satisfied. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004).

In his complaint, Mr. Hughes states that on several occasions he filed grievances and appeals relating to the facts of this lawsuit, but that jail officials have never responded. The Court must accept these statements as true for the purposes of Defendants' motion. Accordingly, this is not a case where the failure to exhaust is apparent from the face of the complaint. See Haynes v. Swanson, Case No. 5:07cv2352, 2008 WL 4346635 at *6 (N.D.Ohio Sept. 18, 2008)(court could not conclude that plaintiff failed to exhaust administrative remedies when county jail officials refused to answer his letters).

III.

Based on the foregoing reasons, the Court recommends that Defendants' motion for judgment on the pleadings (#15) be denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept,

3

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/Terence P. Kemp</u>
United States Magistrate Judge

4