```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Mark A. Hughes,                   :

    Plaintiff,                :

  v.                              :       Case No. 2:10-cv-674

George Lavender, et al.,          :       JUDGE ECONOMUS

    Defendants.               :

### ORDER

Plaintiff Mark Hughes filed a motion on December 21, 2010, seeking the appointment of counsel (#36) which the defendants oppose. Since this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel is denied. Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985).

Mr. Hughes also asks the Court to order the United States Marshal to serve subpoenas (#39). His motion does not reference any specific subpoenas, but he previously sent a request (#35) to the Clerk on December 14, 2010, to have the Marshal serve a subpoena duces tecum on Dr. Maja Babic. The Clerk informed him by letter the same day that his request would require an order from the Court.

Mr. Brown is proceeding *in forma pauperis*. 28 U.S.C. §1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." The Marshal's Service is required under this provision to serve an indigent party's subpoena duces tecum, but under certain circumstances, a district court may relieve the Marshal's Service of its statutory duty to make service. See 9A Federal Practice

and Procedure §2454 (3d ed.).

The motion is unopposed and there are no apparent circumstances which would warrant relief from this statutory duty. Accordingly, the Court will grant plaintiff's motion and order the Marshal's Service to serve the subpoena duces tecum on Dr. Babic. Because the subpoena does not require the attendance of Dr. Babic, the fees for one day's attendance and the mileage allowed by law need not be tendered. See Fed.R.Civ.P. 45(b)(1). Mr. Hughes should be aware, however, that his *in forma pauperis* status does not exempt him from payment of such fees and mileage, where applicable. See Smith v. Yarrow, 78 Fed.Appx. 529, 544 (6 th Cir. 2003)("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for indigent prisoners' discovery efforts").

Based on the foregoing reasons, the motion for appointment of counsel (#36) is denied. The motion to order the Marshal to serve subpoenas (#39) is granted as to the subpoena duces tecum to be served on Dr. Maja Babic. The motion for leave to file subpoena which was originally directed to the Clerk (#35) is denied as moot.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(C), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                               /s/ Terence P. Kemp
                                             United States Magistrate Judge