IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark A. Hughes,                      :

      Plaintiff,              :         Case No. 2:10-cv-674

   v.                                :         JUDGE PETER C. ECONOMUS
                                    Magistrate Judge Kemp
George Lavender, et al.,             :

      Defendants.              :

ORDER

    On November 3, 2010, Mr. Hughes filed a motion for preliminary injunction and temporary restraining order to direct all named defendants to provide him with a medically appropriate course of treatment designed to restore and maintain his physical health. Defendants James Bridenbaugh, Glen Detty, Dr. Richard Harris, George Lavender, and Shawna Ott ("Defendants") oppose the plaintiff's request for injunctive relief and have filed various unopposed motions to extend deadlines, supplement the record, and to place certain exhibits under seal.

    Defendants have also moved for summary judgment (#45) pursuant to Fed. R. Civ. P. 56 on the sole ground that Mr. Hughes has failed to comply with the Prison Litigation Reform Act, specifically 42 U.S.C. §1997e(a). In addition, Defendants have moved to stay discovery (#46) pending a ruling on their summary judgment motion. Mr. Hughes opposes both of these motions and has filed motions for leave to file an amended complaint (#47) and to compel discovery (#52). Defendants, in turn, oppose plaintiff's motions and have moved to strike (#57) plaintiff's amendments to his memorandum in opposition to their motion to stay discovery and to his declaration opposing summary judgment.

    Before issuing a report and recommendation on the motion for preliminary injunctive relief and the motion for summary

judgment(for which any final orders must be entered by the District Judge), the Court will rule on the pending nondispositive motions.

   I. Miscellaneous Motions Related to Request for Injunction

    Defendants have filed several procedural motions related to the plaintiff's request for injunctive relief. The motions are unopposed. For good cause shown, the Court will grant Defendants' motion for an extension of time to supplement the record (#23); their motion for leave to file exhibits under seal (#24); and their motion to supplement the record (#28). Mr. Hughes has moved to amend his motion for preliminary injunction and temporary restraining order to include CT scans of his lumbar spine and left knee. These reports were unavailable when Mr. Hughes filed his original motion. The Court will grant the motion to amend (#26) as unopposed.

    Mr. Hughes also seeks a court order directing Sheriff Lavender to allow him to withdraw his consent for release of medical records. Mr. Hughes claims to have been unaware of the release until Defendants attached certain medical records to their memorandum in opposition to his motion for preliminary injunction and temporary restraining order. Because the relief sought by Mr. Hughes is itself in the nature of a mandatory injunction, the Court will address the motion for court order (#30) in conjunction with its report and recommendation on plaintiff's motion for preliminary injunctive relief.

                II. Motion to Stay Discovery

    A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial

of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v.American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id. However, one argument that is usually deemed insufficient to support a stay of discovery is that the party intends to file, or has filed a case-dispositive motion. Bowens v. Columbus Metropolitan Library Bd. of Trustees, slip op., 2010 WL 3719245 at *2 (S.D. Ohio Sep. 10, 2010)(internal citation omitted).

 Defendants maintain that "[a] stay of discovery will allow crucial dispositive issues in this case to be decided early without any further expenditure of valuable taxpayer finances and other resources." Of course, that argument can be made in any case in which a public entity has moved for summary judgment. The Court is typically reluctant to impose a stay of discovery pending summary judgment proceedings unless the parties agree to such a stay or unless an evaluation of the strength of the summary judgment motion, coupled with the relative need for the information requested and the burden involved in producing it, suggests that a stay is a sound exercise of judicial discretion. See, e.g., Marrese, 706 F.2d at 1493; Chrysler Corp.,supra. Mr. Hughes opposes a stay of discovery, so the Court must balance the various factors to determine whether such a stay is appropriate.

 Here, discovery may well determine whether Defendants received the multitude of grievances and appeals which Mr. Hughes claims to have submitted pursuant to the jail's grievance procedure. The sole issue raised by Defendants in their summary judgment motion is whether he exhausted all of his administrative remedies before suing them. Thus, the need for discovery appears

to be great.

Defendants' motion for a stay does not speak to the burden of producing the requested discovery. In their memorandum in opposition to plaintiff's motion to compel, however, Defendants indicated that they could respond to Mr. Hughes's discovery request letter and his second set of discovery within thirty days in the event their motion for summary judgment is denied. This statement does not suggest that the discovery Mr. Hughes has requested to date is particularly burdensome.

Finally, the Court has reviewed the pending summary judgment motion and notes its similarity to Defendants' motion for judgment on the pleadings which this Court recommended be denied. Moreover, the summary judgment motion is not the type of motion which raises either an issue of immunity or some other fundamental issue where the eventual outcome is clear. The District Judge will ultimately determine whether Defendants' exhaustion arguments carry the day, but it is not so apparent that the Court should delay this particular discovery pending a ruling on summary judgment.

In practical terms, Defendants have already enjoyed a stay of discovery since they filed their motion and they have shown no reason to hold this case in abeyance any longer. For all of these reasons, the Court will deny their motion to stay discovery (#46).

### III. Motion to Compel Discovery

Mr. Hughes has filed a motion to compel answers to interrogatories and requests for production of documents to which Defendants previously had served objections. The motion to compel does not recite affirmatively that extrajudicial efforts have been exhausted in order to resolve the dispute without judicial intervention.

Fed. R. Civ. P. 37(a)(1) provides that, when a motion for an order compelling discovery is filed, "[t]he motion must include a

-4-

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." See also Local Civil Rule 37.2. (discovery motions must be accompanied by "a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences").

The instant motion contains no such certification. The motion (#52) will therefore be denied without prejudice to its renewal after such a conference has occurred. The movant's attention is also directed to Local Civil Rule 37.1, which states that in lieu of filing a discovery motion, any party "may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case." Meanwhile, Defendants should respond to Mr. Hughes's discovery request letter (#43) and his second set of discovery within thirty (30) days of the entry of this order, as indicated in their memorandum in opposition to the motion to compel.

IV. Motion for Leave to File Amended Complaint and Supplement

Mr. Hughes seeks leave to amend his complaint for the stated purposes of eliminating surplusage from the original complaint, adding supplemental claims, and joining two additional defendants. He asserts that these supplemental claims are directly related to his contraction of, and his treatment for, MRSA which arose after the commencement of this action. The new claims bears some relationship to his deliberate indifference claim which he pleaded in his original complaint. The two defendants Mr. Hughes proposes to join are T. J. Hollis, who purportedly oversees the daily operations at the jail, and Krista Wooten, who was involved in his treatment for MRSA.

Defendants oppose granting leave to Mr. Hughes to amend his complaint. They contend that their motion for summary judgment moots plaintiff's request. Defendants also assert that Mr. Hughes could have raised his proposed claims long ago and that if

he is allowed to plead them now, they will have to reassess discovery.  In addition, Defendants argue that Mr. Hughes has failed either to state a cognizable claim against Colonel Hollis or Deputy Wooten or to exhaust his administrative remedies against them.

Fed. R. Civ. P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)).  See also Moore v.

City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F.Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id.

The existence of Defendants' summary judgment motion clearly does not moot plaintiff's request for leave to amend his complaint. The request, if allowed, would add new or supplemental claims which are not the subject of the motion for summary judgment. The proposed amendment at this stage of the proceedings would not appear to make this case unduly complex and confusing. It also does not appear that Mr. Hughes waited an inordinate amount of time to add the new claims. He also has not made repeated attempts to cure deficiencies having amended his

complaint on only one other occasion in order to correct the first name of one of the Defendants. Moreover, delay itself is not a valid reason for denying leave to amend where no prejudice is shown. The word "prejudice" never even appears in Defendants' memorandum in opposition. Defendants make a vague reference to the need to reassess discovery, but discovery has essentially been stayed since the filing of their summary judgment motion. That leaves only the issue of futility.

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

The Court has previously recommended that Defendants' motion

for judgment on the pleadings, which also raised the exhaustion issue, be denied because it was not apparent from the face of the complaint that Mr. Hughes had failed to exhaust his administrative remedies. To deny plaintiff's request to amend his complaint and to join additional defendants on the basis of an alleged failure to exhaust would be inconsistent with the earlier ruling.

Defendants contend that the only possible claim against Colonel Hollis must arise out of his handling of plaintiff's grievances and that this claim fails as a matter of law because an inmate has no constitutional right to an effective grievance procedure. The proposed amended complaint, however, is not so cramped. Mr. Hughes alleges that both he and his sister contacted Colonel Hollis on several occasions about plaintiff's not receiving his medications for seizures, Hepatitis C, and pain, his need for a cane, and not receiving showers. To the extent that the amended complaint alleges that Colonel Hollis knew of and disregarded an excessive risk to plaintiff's health or safety, Mr. Hughes states an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 844 (1994).

Defendants, too, go to great lengths in arguing that the amended complaint shows that Deputy Wooten actually played an integral part in assuring that Mr. Hughes was prescribed at least seven rounds of antibiotics over a three-month period to treat his MRSA infection and that she was legitimately concerned about curing the infection. Defendants fail to mention, however, the allegation that Deputy Wooten knew Mr. Hughes was allergic to a certain antibiotic and that despite her knowledge, she had Dr. Harris prescribe that same antibiotic rather than search for an alternative. The amended complaint thus arguably states an Eighth Amendment claim against her.

Having considered the parties' arguments under the

applicable standard set forth in Fed. R. Civ. P. 15(a) and the relevant case law, the Court will grant Mr. Hughes leave to file his proposed second amended complaint.

## V. Motion to Strike Amendments

In its motion to strike, Defendants assert that plaintiff's amendment to his declaration in opposition to summary judgment and plaintiff's amendment to his memorandum in opposition to a stay of discovery should be stricken pursuant to Fed. R. Civ. P. 12(f) because "such amendments are not allowed under the Federal Rules of Civil Procedure" and because "such continual immaterial filings create an undue burden on the Court and Defendants."

Defendants' motion to strike will be denied because "[t]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." United States v. Crisp, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (citing Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)).  Rather, under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fox v. Michigan State Police Dept., 173 Fed.Appx. 372, 375 (6th Cir. 2006).  Fed. R. Civ. P. 7(a) defines pleadings as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and, (7) if the court orders one, a reply to an answer."  Consequently, "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (citing 2 James Wm. Moore, et al., Moore's Federal Practice §12.37 [2] (3d ed. 1999)); see also Rouse v. Caruso, slip op., 2007 WL 209920 at *2 (E.D. Mich. Jan. 24, 2007) ("neither ... motions nor responses to motions constitute 'pleadings' subject to Rule 12(f).") (citations omitted).

## VI. Disposition

Based on the foregoing reasons, the plaintiff's motion for leave to file a second amended complaint (#47) is granted.  The Clerk shall file the attachment to the plaintiff's motion as a second amended complaint.  The plaintiff's motion to amend his motion for a temporary restraining order and preliminary injunction (#26) is also granted.  The plaintiff's motion to compel (#52) is denied.  Defendants' motions for an extension of time to supplement the record (#23), for leave to file exhibits under seal (#24), and to supplement the record (#28) are granted.  The Clerk shall place the exhibits 1 through 5 attached to Defendants' memorandum in opposition to plaintiff's motion for preliminary injunction and temporary restraining order (#22) under seal.  Defendants' motions to stay discovery (#46) and to strike amended documents (#52) are denied.

## VII. Procedure for Seeking Reconsideration

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 72(b).  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                              <u>/s/Terence P. Kemp</u>
                              United States Magistrate Judge