```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Mark A. Hughes,                    :

       Plaintiff,              :       Case No. 2:10-cv-674

   v.                              :       JUDGE PETER C. ECONOMUS
                                       Magistrate Judge Kemp

George Lavender, et al.,           :

       Defendants.             :

## ORDER

This matter is before the Court on various motions and other papers filed by the plaintiff, Mark A. Hughes.  Mr. Hughes seeks an order directing the United States to serve several subpoenas on his behalf.  Mr. Hughes also seeks an order appointing an expert witness pursuant to Fed. R. Evid. 706(a) to provide an independent report addressing the seriousness of plaintiff's Hepatis C, the need for appropriate treatment of plaintiff's Hepatitis C and MRSA, and the importance of the timing of such treatment.  In addition to these motions, Mr. Hughes has filed assorted interrogatories and requests for production directed to the defendants.

### I. Motion to Serve Subpoenas

Mr. Brown, who is proceeding *in forma pauperis*, requests the Court to order the United States Marshal to serve the subpoenas *duces tecum* attached to his motion upon Premier Health Care Services, Inc., Allen's Pharmacy, Dr. Maja Babic, and the Reception and Medical Center.  28 U.S.C. §1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.  Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."  The Marshal's Service is required under this provision to serve an indigent party's

subpoena duces tecum, but under certain circumstances, a district court may relieve the Marshal's Service of its statutory duty to make service.  See 9A Federal Practice and Procedure §2454 (3d ed.).

The motion is unopposed and there are no apparent circumstances which would warrant relief from this statutory duty.  Accordingly, the Court will grant plaintiff's motion and order the Marshal's Service to serve the subpoenas *duces tecum*.  Because the subpoenas do not require the attendance of any witness, the fees for one day's attendance and the mileage allowed by law need not be tendered.  See Fed.R.Civ.P. 45(b)(1).  Mr. Hughes should be aware, however, that his *in forma pauperis* status does not exempt him from payment of such fees and mileage, where applicable.  See Smith v. Yarrow, 78 Fed.Appx. 529, 544 (6th Cir. 2003)("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for indigent prisoners' discovery efforts").

## II. Motion to Appoint Expert Witness

Mr. Hughes argues that the appointment of an expert will assist the Court or jury to understand the importance of timely and effective treatment for MRSA, as well as the medical issues associated with Hepatitis C.  He also contends that if the Court fails to appoint an expert, he will be at a disadvantage from the start.

Federal Rule of Evidence 706 permits a court on its own motion or on the motion of any party to appoint expert witnesses.  The decision to appoint an expert "rests solely in the Court's discretion and is to be informed by such factors as the complexity of the case and the Court's need for a neutral, expert view."  Stanley v. Ohio Dep't of Rehab. & Corr., 2002 WL 31844686

at *3 (S.D. Ohio Dec. 12, 2002)(internal citation and quotation marks omitted).  Courts should not appoint expert witnesses under Rule 706 in order to aid a litigating party.  Carranza v. Fraas, — F.Supp.2d —,2011 WL 380164 at *4 (D.D.C. Feb. 7, 2011).  In addition, the plain language of the *in forma pauperis* statute, 28 U.S.C. §1915, does not provide for the appointment of an expert witness to assist an indigent plaintiff.  Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

It is unclear whether an expert will be needed in this case given that the ultimate issue is whether the defendants were deliberately indifferent to Mr. Hughes's serious medical needs, as opposed to the question of what course of treatment might be more efficacious.  See Ledford v. Sullivan, 105 F.3d 354, 359-60 (7th Cir. 1997)(test for deliberate indifference not as involved as that for medical malpractice).  At the present time, the Court is not in need of expert medical assistance.  If such a need arises in the future, the Court can at that time order the parties to show cause why an expert witness should be appointed.  Brown v. Kentucky State Penitentiary, 2011 WL 1403201 at *2 (W.D. Ky. Apr. 13, 2011).

### III. Requests for Discovery

Mr. Hughes has filed various interrogatories and requests for production of documents directed to the defendants.  Absent circumstances not present here, such requests are not to be filed.  Fed. R. Civ. P. 5(d).

### IV. Disposition

Based on the foregoing reasons, the motion to serve subpoenas (#78) is granted.  The United States Marshal shall serve the subpoena *duces tecum* attached to plaintiff's motion on Premier Health Care Services, Inc., Allen's Pharmacy, Dr. Maja Babic, and the Reception and Medical Center at the addresses listed on the subpoenas.  The motion to appoint expert witness

(#90) is denied.  The Court strikes the various discovery requests directed to the defendants (## 83, 84, 85, 105).

V. Procedure for Requesting Reconsideration

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(C), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge