```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

Mark A. Hughes,                       :

       Plaintiff,              :       Case No. 2:10-cv-674

    v.                                :       JUDGE PETER C. ECONOMUS
                                            Magistrate Judge Kemp
George Lavender, et al.,              :

       Defendants.             :

### ORDER AND REPORT AND RECOMMENDATION

    This matter is before the Court on plaintiff Mark A. Hughes' motions to strike defendants' answer to his amended complaint, to strike the affidavits of Richard Harris and Kristen Wooten filed in opposition to his motion for preliminary injunction and temporary restraining order, and to amend his motion to strike defendants' answer.  The defendants have opposed these motions.  For the following reasons, the Court will grant plaintiff's motion to amend his motion to strike defendants' answer (#95), deny plaintiff's motion to strike the affidavits (#91), and recommend that the motion to strike defendants' answer (#86), as amended, be denied.

                I.  Motion To Strike Defendants' Answer

    The defendants served their anser to plaintiff's second amended complaint on April 11, 2011.  The answer consists of 107 numbered paragraphs and includes fourteen affirmative defenses.  On May 11, 2011, Mr. Hughes moved to strike the answer pursuant to Fed. R. Civ. P. 12(f) on the grounds that it is fraudulent and contains immaterial, impertinent, and scandalous matters.  More specifically, Mr. Hughes disputes the defendants' statement in paragraph one of their answer that he is presently charged with a criminal count of intimidation in Ross County and with counts of weapons under disability, aggravated robbery, drug trafficking,

and telephone harassment in Pike County.  According to Mr. Hughes, four of the five charges in Pike County had been dismissed by the time defendants' answer was filed.  He claims that the weapons disability count was the only charge that was still pending, and that he had been released by a Pike County judge on his own recognizance.  Mr. Hughes asserts that the defendants knowingly lied about these charges with fraudulent intent.  He also maintains that the first, third, fourth, seventh, eighth, ninth, eleventh, twelfth, and thirteenth defenses set forth in the defendants' answer are immaterial or insufficient.

## II. Motion to Amend Motion to Strike

On May 24, 2011, Mr. Hughes moved to amend his motion to strike to include paragraphs 8, 23, 27, 57, 61, 74, 87, and 91 of the defendants' answer.  He argues that defendants' denial of paragraph 13 of the complaint for want of knowledge must be fraudulent because the defendants cannot possibly not know whether there is a handicapped bathroom or shower in the jail or infirmary.  He also contends that paragraph 23 of the answer goes beyond the admission or denial of his allegation to offer testimony that he is receiving his seizure medication four times a day.  Mr. Hughes maintains moreover that the medication distribution logs prove that the defendants are lying.  Similarly, he charges that the defendants are "testifying" in their responses to the allegations concerning his placement in the general jail population, their treatment of his skin infections, the number of inmates allowed to attend church services, and the paperback religious materials inmates are permitted to obtain.  Mr. Hughes also accuses defendants of lying in their answer about providing him with a copy of the Ohio Criminal Law Handbook and claiming that there is no actual law library at the jail.

III. Motion to Strike Affidavits

Mr. Hughes also seeks to strike the declarations of Dr. Richard Harris and Nurse Kristen Wooten which were attached to the defendants' memorandum in opposition to his notion for temporary restraining order and/or preliminary injunction.  He argues that both declarations are false, as well as rehearsed. Mr. Hughes goes to considerable length to distinguish his motion from a naked attack on the credibility of the declarants through a point-by-point refutation of their various statements regarding medical treatment he did or did not receive.

IV. Discussion

A. Plaintiff's Motion to Amend Motion to Strike

The Court will first take up the issue of whether leave should be granted to permit Mr. Hughes to amend his motion to strike.  The defendants contend that the motion to amend actually constitutes an additional motion to strike based on entirely different paragraphs of their answer.  In their view, such a motion is barred pursuant to Fed. R. Civ. P. 12(g)(2) because it raises an objection that was available to Mr. Hughes at the time he filed his first motion to strike, but which was omitted from that motion.  The failure to state a legal defense, however, can be raised at any time by a motion under Rule 12(c), or even at trial.  See Fed. R. Civ. P. 12(h)(2); United States v. Wang, 404 F.Supp.2d 1155, 1157 (N.D. Cal. 2005)(party has right to challenge legal sufficiency of affirmative defense at any time, and court therefore may consider merits of untimely motion to strike).  Furthermore, Rule 12(f) permits a court on its own initiative, at any time, to strike redundant, immaterial, impertinent, or scandalous references in a pleading.  Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999).  Accordingly, the Court will grant Mr. Hughes leave to amend his motion to strike.

B. Plaintiff's Motion to Strike as Amended

The motion to strike, as amended, has two objectives. First, Mr. Hughes wants various statements made by the defendants in their answer stricken because in his opinion they are false and were made with fraudulent intent.  Second, he asserts that several of the affirmative defenses are legally insufficient and should therefore also be stricken.  The Court will analyze these elements separately.

i. Striking immaterial, impertinent, or scandalous matter

The striking of a portion of a pleading is a drastic remedy which is seldom granted absent a showing of real prejudice to the moving party. Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984). Courts generally strike parts of a pleading for being scandalous or impertinent only where the language is extreme or offensive. Thompson v. Hartford Life & Accident Ins. Co., 270 F.R.D. 277, 279 (W.D. Ky. 2010). An allegation may be stricken for being immaterial only when it bears no possible relationship to the controversy. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)

There is some doubt as to whether Rule 12(f) can be used to strike allegations that are merely untrue.  The falsity of a matter alleged is not specifically included among the grounds for a motion to strike. Fleischer v. A.A.P., Inc., 180 F.Supp. 717, 721 (S.D.N.Y. 1959); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1883 (3d ed. 2011).  The Court should therefore proceed cautiously in considering a motion to strike based on the untruthfulness of a statement. See E.E.O.C. v. FPM Group, Ltd., 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009). The Court is ill-equipped at the pleading stage to determine whether or not an allegation is false. Id.  But even if an allegation is deemed to be untrue, that does not mean it must be stricken. Housing Opportunities Project for Excellence, Inc. v.

Key Colony No. 4 Condominium Assoc., Inc., 510 F.Supp.2d 1003, 1015 (S.D. Fla. 2007).  Motions to strike should be granted only where the pleading contains allegations which are obviously false and clearly injurious to a party.  Watson & Son Pet Supplies v. Iams Co., 107 F.Supp.2d 883, 887 (S.D. Ohio 1999).

   The allegations which Mr. Hughes wishes the Court to strike bear some relationship to the parties' dispute.  Mr. Hughes does not deny that he was at one time charged with counts of aggravated robbery, drug trafficking, and telephone harassment in Pike County, and was being held in the Ross County Jail due at least in part to these charges.  The Court also does not find that the language contained in the defendants' answer is extreme or offensive.  Accordingly, the statements should not be stricken as immaterial, impertinent or scandalous.

   The fact that these charges had been dismissed prior to the filing of the answer also does not warrant striking the allegations.  While the defendants' statement that he was presently charged with these offences may have been factually incorrect, they were not obviously false, and Mr. Hughes has not shown how the continued presence of this statement in the answer would be injurious to him.  He suggests that charges for which he has not been convicted would be inadmissible at trial, but the pleadings themselves are not evidence and there is no danger of any prejudice arising from the inclusion of the statement in the answer.

   The other grounds raised by Mr. Hughes for striking portions of the answer are also unavailing.  He complains that the defendants have averred that they are without knowledge or information sufficient to form a belief as to certain allegations of the complaint which seemingly should have been within the defendants' knowledge such as whether there is a handicapped bathroom or shower in the jail.  Fed. R. Civ. P. 8(b)(5)

specifically provides, however, that such a statement has the effect of a denial.  For whatever reason, the defendants claim not to have sufficient knowledge or information, and Mr. Hughes has not shown how any harm can come to him if the answer is allowed to stand.  <u>Nordman v. Johnson City</u>, 1 F.R.D. 51 (E.D. Ill. 1939).  Mr. Hughes also complains that the defendants are testifying in their answer when they admit some portion of a paragraph in his complaint, but go on to make an affirmative statement of their own in responding to the substance of his allegation.  Mr. Hughes has not cited any authority that this practice is prohibited under the civil rules.  To the extent that the additional language is not a statement of defense, but a statement of an alleged fact, it does not even fall within the ambit of Rule 12(f).  <u>Reid v. Doubleday & Co.</u>, 109 F.Supp. 354, 356 (N.D. Ohio 1952).

  ii. <u>Striking defenses as legally insufficient</u>

 The affirmative defenses Mr. Hughes is challenging include failure to state a claim upon which relief can be granted, contributory negligence, assumption of the risk, independent intervening cause, lack of legal capacity to sue or be sued, statute of limitations, waiver, failure to comply with the Prisoner Litigation Reform Act, failure to exhaust administrative remedies, and res judicata.  A majority of these are specifically listed in Fed. R. Civ. P. 8 as defenses which must be stated affirmatively in a responsive pleading or else waived.  Mr. Hughes does not explain in his motion to strike why he believes these affirmative defenses to be immaterial or insufficient, but does state in his reply that the defendants have previously tried to assert a lack of compliance with the PLRA and a failure to exhaust administrative remedies on two occasions without success and are now raising these defenses for a third time.

  "An affirmative defense may be pleaded in general terms and

will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense." Lawrence v. Chabot, 182 Fed.Appx. 442, 456 (6th Cir. 2006)(internal citations and punctuation marks omitted). Generally, striking a defense pleaded in an answer on grounds that the defense is legally insufficient is disfavored. Such motions should be granted only if the plaintiff can "show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) plaintiff would be prejudiced by the inclusion of the defense." U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc., 297 F.Supp. 2d 531, 533 (E.D.N.Y. 2003). A motion to strike is not typically used to resolve disputed questions of law raised by legal defenses, and "[c]lose ... questions of law should not be resolved on a motion to strike ...." Mohegan Tribe v. State of Connecticut, 528 F.Supp. 1359, 1362 (D. Conn. 1982). Similarly, if a defense raises any substantial question of fact, it should not be stricken. See United States v. 187.40 Acres of Land, 381 F.Supp. 54, 56 (M.D. Pa. 1974).

"[I]t is well-settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in [an] answer." S.E.C. v. Toomey, 866 F.Supp. 719, 723 (S.D.N.Y. 1992). Therefore, there is no basis to strike the defendants' first affirmative defense. It is also clear that the PLRA requires an inmate to exhaust all available administrative remedies before he initiates a lawsuit challenging the conditions of his confinement. Porter v. Nussle, 534 U.S. 516 (2002); Woodford v. Ngo, 548 U.S. 81 (2006). Mr. Hughes claims to have satisfied this requirement, but it is clear that the defendants dispute his assertion. The defendants have the burden of proving the failure to exhaust. Jones v. Bock, 549 U.S. 199 (2007). While it is true that Judge Economus has denied the defendants'

motion for judgment on the pleadings on this issue, the Court cannot conclude at this time that the defense will ultimately fail on the merits.  See Thomas v. Croft, 2010 W.L. 3061596 at *2 (S.D. Ohio Aug. 10, 2010).  Lastly, although the applicability of affirmative defenses such as contributory negligence and assumption of the risk to this prisoner civil rights action may appear questionable at this time, there is no evident prejudice to Mr. Hughes from leaving those defenses in the answer.  The Court will therefore recommend that the motion to strike answers be denied.

### C. Plaintiff's Motion to Strike Affidavits

Notwithstanding the fact that some courts have used Rule 12(f) to strike affidavits or portions thereof, there is no basis in the rule for doing so.  Lombard v. MCI Telecommunications Corp., 13 F.Supp.2d 621, 625 (N.D. Ohio 1998).  See also Dawson v. City of Kent, 682 F.Supp. 920, 922 (N.D. Ohio), aff'd, 865 F.2d 257 (6th Cir. 2008).  In situations where the statements contain evidence that would otherwise be inadmissible, a court should disregard the inadmissible evidence, rather than striking it from the record.  State Mut. Life Assur. Co. of America v. Deer Creek Park, 612 F.2d 259, 264 (6th Cir. 1979).  In this case, Mr. Hughes does not argue that the declarations of Dr. Harris and Nurse Wooten contain inadmissible evidence; he contends that the declarations embody false statements which these defendants knew to be false when they made them.

As noted, Mr. Hughes tries to avoid the problems inherent in a bare attack on the credibility of the declarants.  See Stewart v. Wilkinson, 2009 WL 1322307 at *2 (S.D. Ohio May 8, 2009).  That, however, is not the problem here.  In Stewart, the inmate, was attempting to create an issue of material fact by asking the Court to strike the declarations of certain medical providers.  The Court held that in order to defeat the defendants' summary

judgment motion the inmate must do more than attack the declarants' credibility, but must also come forward with his own evidence negating their statements. Id. In this case, the defendants submitted their declarations in opposition to Mr. Hughes's request for preliminary injunctive relief. The cases are similar only insofar as Mr. Stewart and Mr. Hughes both failed to come forward with their own medical evidence and were seeking to strike from the record the evidence adduced by the defendants.

On June 16, 2011, Judge Economus denied Mr. Hughes's motion for preliminary injunction and temporary restraining order. Judge Economus did so not on the basis of Dr. Harris's and Nurse Wooten's declarations, but on the failure of Mr. Hughes to sustain his burden of proof for obtaining preliminary injunctive relief. Because any consideration of these declarations was not outcome determinative, the motion to strike them is moot. Pullom v. U.S. Bakery, 477 F.Supp.2d 1093, 1109 (D.Or. 2007). Consequently, the Court will recommend that the motion be denied.

## V. RECOMMENDED DISPOSITION

Based on the foregoing reasons, the Court orders that Mr. Hughes's motion to amend his motion to strike (#95) is hereby granted. The Court recommends that Mr. Hughes's motion to strike defendants' answers to his amended complaint (#74) and his motion to strike affidavits (#91) be denied.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge