```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Mark A. Hughes,                :

    Plaintiff,              :       Case No. 2:10-cv-674

  v.                           :       JUDGE PETER C. ECONOMUS
                                                      Magistrate Judge Kemp

George Lavender, et al.,       :

    Defendants.             :

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mark Hughes's two separate motions by plaintiff Mark Hughes to reconsider the order entered by the Magistrate Judge entered on March 15, 2011. The first motion relates to that aspect of the Magistrate Judges's decision concerning his request that the United States Marshal serve subpoenas on his behalf pursuant to 28 U.S.C. §1915(d). Although the Magistrate Judge granted this request in regard to the subpoena duces tecum to be served on Dr. Maja Babic, Mr. Hughes objects to the order's implicit requirement that he file a motion each time he wishes the Marshal to serve a new subpoena. Mr. Hughes also complains that the specific subpoena he wished to have served was addressed to Allen's Pharmacy, and not Dr. Babic. In his second motion, Mr. Hughes objects to the Magistrate Judge's denial of his request for appointment of counsel. Defendants did not respond to either motion. For the following reasons, the Court will deny the motions for reconsideration.

I.

Fed. R. Civ. P. 72(a) provides that a party must serve and file objections to a Magistrate Judge's order within fourteen days after being served with a copy of the order. Because the Magistrate Judge's order involves nondispositive matters, this

Case: 2:10-cv-00674-PCE-TPK Doc #: 123 Filed: 07/28/11 Page: 2 of 4  PAGEID #: 1426

Court's reconsideration of the order is governed by the "clearly erroneous or contrary to law " standard of review contained in Rule 72(a).  See United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).  The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)(table).  A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made.  See In re Search Warrants Issued Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D. Ohio 1995)(citations omitted).  A court's review under the "contrary to law" standard is "plenary, ... and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" Gandee, 785 F.Supp. at 686 (citations omitted).  It is with these standards in mind that the Magistrate Judge's order will be reconsidered.

## II.

The docket currently reflects that Deputy U.S. Marshal Mark H. Stroh personally served the subpoena duces tecum directed to Allen's Pharmacy upon Ms. Michelle Kelly, a pharmacist, on July 6, 2011.  See Dkt. #115, p.4.  This same document shows that Dr. Babic was also served with a subpoena duces tecum on July 6, 2011.  Therefore, Mr. Hughes's objection is moot to the extent that he believes the order referred to the wrong subpoena.

With respect to the remainder of the objection, the Court finds that requiring Mr. Hughes to file a motion each time he wishes the Marshal to serve a subpoena is neither clearly erroneous nor contrary to law.  While 28 U.S.C. §1915(d) mandates officers of the court to issue and serve all process in IFP cases, a plaintiff who is proceeding *in forma pauperis* should

-2-

only be entitled to subpoena witnesses after the Court determines the relevancy of the requested documents or testimony and the ability of the plaintiff to pay a witness fee, mileage and other costs, if applicable. Windsor v. Martindale, 175 F.R.D. 665, 672 (D. Col. 1997); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). See also Kean v. Van Dyken, 2006 WL 374502 at *5 (W.D. Mich. Feb. 16, 2006)(prisoner's motion for issuance of subpoenas denied where he sought exception number of documents from non-parties for which he had no apparent ability to pay).

III.

The appointment of counsel in a civil case is not a constitutional right and is warranted only in exceptional circumstances. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). In this case, the Magistrate Judge denied the motion to appoint counsel for Mr. Hughes because this case had not yet progressed to the point that the merits of plaintiff's claim could be evaluated. The Sixth Circuit has expressly approved of the practice of postponing a decision to appoint counsel until the case can be assessed on the merits. Cleary v. Mukasey, 307 Fed.Appx. 963, 965 n.5 (6th Cir. 2009).

Mr. Hughes points out in support of his objection that his claim has survived a motion for judgment on the pleadings. Such a ruling, however, is not a determination of the merits of a claim because the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and may grant the motion only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). Accordingly, the Court concludes that the Magistrate Judge's denial without prejudice of the plaintiff's motion to appoint counsel is neither clearly erroneous nor contrary to law.

IV.

Based on the foregoing reasons, the motions for reconsideration (Dkt.## 65,66) filed by plaintiff Mark Hughes on March 25, 2011, are **DENIED**.

**IT IS SO ORDERED.**

**/s/Peter C. Economus-July 28, 2011**
**United States District Judge**